UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT PICKARD, *et al.*,<br><br>             Plaintiffs,<br><br>     v.<br><br>SEARS, INC.,<br><br>             Defendant. | CASE NO. C05-0674RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the Court on defendant's Motion for Summary Judgment, wherein defendant asks the Court to dismiss plaintiffs' Consumer Protection Act claim in their Third Amended Complaint.[1] (Dkt. #36). It is not clear from plaintiffs' Complaint whether they allege a violation of the Washington Consumer Protection Act or a violation of the federal Consumer Products Safety Act, as they do not point to any specific statute as a basis for their allegation; however, defendant asserts that plaintiffs cannot maintain either claim. Plaintiffs have failed to respond to defendant's motion.

---

[1] The Court recognizes that plaintiffs have failed to actually file the Third Amended Complaint. However, the Court has previously granted permission for leave to file that complaint; therefore, the consumer protection issue is properly before the Court.

ORDER
PAGE - 1

1    Having reviewed defendant's motion, defendant's reply, and the remainder of the record, the
2 Court hereby finds and ORDERS:
3    (1) Defendant's Motion for Summary Judgment (Dkt. #36) is GRANTED.  This District's
4 local rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be
5 considered by the court as an admission that the motion has merit."  Local Rule CR 7(b)(2).  Having
6 reviewed the record in this case, the Court finds no reason not to apply this rule.
7    Moreover, a review of this record demonstrates that plaintiffs cannot make a *prima facie*
8 claim for violation of either the Washington or federal consumer protection acts.  First, the
9 Washington Consumer Protection Act, R.C.W. 19.86.010, *et seq.*, requires that a plaintiff be injured
10 in his or her business property, which includes damages to business, reputation or good will.
11 *Washington State Physicians Ins. Exchange v. Fisons Corp.*, 122 Wn.2d 299 (1993).  In their Third
12 Amended Complaint, plaintiffs clearly allege personal injury damages as opposed to business and
13 property damages.  Personal injury damages are not covered by the Washington Consumer
14 Protection Act.  *Stevens v. Hyde Athletic Industries, Inc.*, 54 Wn. App. 366, 370 (1989); *see Ass'n*
15 *of Washington Public Health Dists. v. Phillip Morris, Inc.*, 241 F.3d 696, 705 (9th Cir. 2001), *cert.*
16 *denied*, 534 U.S. 891 (2001) (affirming the district court's dismissal of plaintiff's CPA claim because
17 it failed to meet the business or property requirement).
18    Similarly, to the extent that plaintiffs attempt to bring a claim under the federal Consumer
19 Products Safety Act, a private cause of action is only allowed under that act for a person whose
20 injury is caused by a knowing violation of a consumer product safety rule or other rule or order
21 issued by the Commission.  15 U.S.C. § 2072(a).  While plaintiffs allege that defendant Sears
22 imported the saws at issue in this case, knowing that they violated American safety standards,
23 plaintiffs have failed to produce any evidence demonstrating that defendant Sears knowingly violated
24 those requirements, any consumer product safety rules, or any other rule or order issued by the
25 Consumer Products Safety Commission.  Nor can the Court find any such evidence in the record
26

1 currently before it, or other evidence that any knowing violation was the proximate cause of Mr.

2 Pickard's injury.

3     (2)  Accordingly, the Court DISMISSES with prejudice plaintiffs' claim under subparagraph

4 IV of the Third Amended Complaint for Personal Injuries for Violation of Consumer Protection Act.

5     (3)  The Clerk shall forward a copy of this Order to all counsel of record.

6     DATED this _6_ day of February, 2007.

8                       RICARDO S. MARTINEZ
                        UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3