UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT PICKARD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS, INC., <br><br> Defendant. | CASE NO. C05-0674RSM <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment, wherein defendant asks the Court to dismiss plaintiff Robert Pickard's final remaining claim under the Washington Product Liability Act, RCW 7.72.010, *et. seq.*[1] (Dkt. #62). Defendant argues that plaintiff cannot meet his burden of proof that there was either a design or

---

[1] The Court construes this motion as pertaining to plaintiff Robert Pickard only. On March 23, 2007, this Court directed plaintiffs to file a Motion for Leave to File an Amended Complaint for the sole purpose of providing the given name of Mr. Pickard's wife, no later than three days from the date of that Order. The Court advised plaintiffs that failure to file such motion could result in the dismissal of Ms. Pickard's claims as such claims have been asserted only through a Jane Doe. Plaintiffs have failed to file a motion as Ordered. Accordingly, the Court will not consider any claims asserted by Jane Doe Pickard, and hereby DISMISSES Jane Doe Pickard as a plaintiff in this action. *See* Fed. R. Civ. P. 17(a).

ORDER
PAGE - 1

construction defect in the subject miter saw that was the actual and proximate cause of plaintiff's accident. Although plaintiff does not specifically discuss the standard of review for summary judgment motions, he appears to respond that genuine issues of material fact preclude summary judgment in this action. Plaintiff argues that the subject miter saw suffered from both design and construction defects, as set forth in the report of his expert witness, that caused the amputation of his index finger. (Dkt. #70). For the reasons set forth below, the Court disagrees with plaintiff and GRANTS defendant's motion for summary judgment.

## II.  DISCUSSION

### A.  Background

This is a product liability personal injury action. Plaintiff alleges that he purchased a miter saw from defendant and used it in his home workshop.[2] Plaintiff further alleges that, on or about April 5, 2004, he was operating the saw when the handle broke and his hand contacted the blade, resulting in the loss of his index finger. Plaintiff asserts that the saw did not meet the Underwriters Laboratories ("UL") American Standards 987, and that is the proximate cause of his accident. Defendant now moves for summary judgment on that claim, and asks the Court to dismiss the case.

### B.  Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

---

[2] While plaintiff alleges in his Complaint that he purchased the saw, in his response to the instant motion for summary judgment he asserts, without citing any portion of the record, that his wife bought the saw for him as a gift. However, this fact is not material to the resolution of the instant motion.

ORDER
PAGE - 2

512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

**C. Washington's Product Liability Act**

It is not clear whether plaintiff alleges design defect or construction defect claims in this action. However, as explained below, plaintiff's claims would fail in either circumstance.

*1. Design Defect*

The Washington Product Liability Act ("WPLA"), RCW 7.72.010-7.72.060, imposes liability on a product manufacturer if its product is not reasonably safe as designed.[3] RCW 7.72.030(1). Under Washington law, a plaintiff may establish liability by using either a risk-

---

[3] The WPLA also imposes liability if adequate warnings or instructions were not provided. However, plaintiff has not asserted such a claim in this case.

ORDER
PAGE - 3

utility test or a consumer expectation test. Under the risk-utility test, a plaintiff must prove that "the likelihood and seriousness of harm caused by the product outweighed the manufacturer's cost and opportunity to design a product that would not have caused that harm." *Bruns v. PACCAR, Inc.*, 77 Wn. App. 201 (1995). Under the consumer expectations test, the trier of fact considers whether the product was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. *Falk v. Keene Corp.*, 113 Wn.2d 645, 650 (1989) (quoting RCW 7.72.030(3)). In the instant case, plaintiff appears to focus only on the consumer expectations test.

Plaintiff alleges that the miter saw at issue did not meet the standard set forth under UL 987 regarding the 15° rule and, for that reason, the blade was not adequately guarded. Plaintiff asserts that, as a result, his finger was able to come into contact with the blade. Defendant argues that the saw did meet the UL 987 standard, and that plaintiff has failed to produce any evidence to demonstrate otherwise. Defendant further argues that, even accepting plaintiff's expert's assertion that the saw failed to meet the standard, there is no evidence as to whether the variation from the 15° standard would have made a difference in causing the accident. The Court agrees with defendant.

Here, defendant has produced expert testimony from Mark Suryan, a mechanical engineer, that, in its original state, the saw actually exceeded the 15° angular requirement by two degrees. (Dkt. #63, 12/30/06 Report at 6). Mr. Suryan also noted that the saw blade appears to have been improperly adjusted after it was purchased. (Dkt. #63, 12/30/06 Report at 6). Defendant has also produced expert testimony from Wayne Hill, the Director of Product Safety for Techtronic Industries North America, Inc., that the saw at issue had met or exceeded all regulatory requirements and industry standards, but that plaintiff had continued to use the saw after it had been damaged or knocked out of alignment in violation of the user instructions and warnings. (Dkt. #65, 1/02/07 Report at 1).

ORDER
PAGE - 4

1    Plaintiff's expert, Mike Morgan, a mechanical engineer, reported that the miter saw at

2 issue did not comply with UL 987 with respect to the 15° triangle gauge. (Dkt. #70, 6/01/06

3 Report at 2). Mr. Morgan then concluded that the blade was not adequately guarded because it

4 did not meet the UL 987 standard, and that the accident would not have occurred if the blade

5 had been adequately guarded. (Dkt. #70, 6/01/06 Report at 3). Mr. Morgan did not address

6 whether the saw had been modified or adjusted so that it may have met such standard at the time

7 it was purchased, but not at the time it was evaluated after the accident.

8    The Court finds that Mr. Morgan's opinion, while contradictory to defendants' expert

9 opinions, does not raise a genuine issue of material fact in this case. This is because Mr. Morgan

10 specifically testified during deposition that he has no way of knowing whether the UL 987

11 variation actually made a difference in causing the accident:

12    Q.   Did you measure the amount of unguarded blade in Quadrant D?
      A.   Yes.
13    Q.   And what measurement did you come up with?
      A.   Are we talking angular measurement or linear?
14    Q.   The same measurement that would correspond with the 15 degree?
      A.   No, I did not. I just made the triangle, slipped it in there, and found
15         that it had some clearance above that so that it was greater than 15
           degrees.
16    Q.   So, as we sit here today, you can't tell me if it was 16 or 17 or 18 or
           19.
17    A.   No. No, I can't.
      Q.   All right. Is it your opinion that if it was 16 degrees clearance, that
18         would have made a difference in causing this accident?
      A.   I have no way of knowing.
19    Q.   Okay. Same thing with 17 or 18 or 19 or 20?
      A.   Yeah.
20    Q.   Okay. So, the only thing you're saying is that it didn't meet the 15
           degree rule, and but other than that, you can't say whether or not that
21         difference would have been the difference that caused the accident or
           not?
22    A.   No.

23 (Dkt. #64, Ex. B at 51-52).

24    In addition, defendant has produced evidence that plaintiff was improperly using the saw

25 at the time of his accident, plaintiff suffered, and continues to suffer, from significant

26

ORDER
PAGE - 5

neuropsychological deficiencies, plaintiff had injured himself with a different saw just twelve days prior to the accident at issue in this case, and plaintiff was under the influence of the narcotic pain medications Percocet or Vicodin and Oxycodone at the time of his accident. Plaintiff fails to rebut any of this evidence. (*See* Dkt. #64, Exs. C, D, E and F). Indeed, plaintiff admits that in 1999 he suffered an aneurism following a fall where he broke his skull, that he is no longer able to work, and that he has recently applied for Social Security disability benefits. (*See* Dkts. #70 at 4-5 and #64, Ex. G). He does not address any of his disabilities in the context of his accident with the miter saw, nor does he attempt to demonstrate that neither his own actions nor disabilities contributed to his accident.

Accordingly, the Court finds that plaintiff fails to provide any evidence from which a reasonable juror could determine whether the miter saw at issue was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. Thus, the Court agrees with defendant that plaintiff cannot prove an essential element of his claim – causation – with respect to the alleged failure to meet the UL 987 standard.

The only other potential defect raised by plaintiff involves the metallurgical aspects of the base and/or adjustment handle. Mr. Morgan noted that his metallurgical evaluation of the failed casting at the point where the miter lock handle attached to the rotating base revealed porosity of the cast material. (Dkt. #70, 6/01/06 Report at 2). However, Mr. Morgan then states that "[f]urther metallurgical evaluation, possibly destructive nature, is required to quantify the amount of porosity and its detrimental effect to the strength of the casting." (Dkt. #70, 6/01/06 Report at 2). Moreover, during deposition, Mr. Morgan stated that he would have needed to do further metallurgical evaluation before he could provide an engineering opinion with respect to the cause of the breakage of the adjustment handle. (Dkt. #64, Ex. B at 21). Although Mr. Morgan had apparently conducted some of that testing by the time he was deposed, he never issued a supplemental report as to any conclusions he may have reached based on that testing.

ORDER
PAGE - 6

Thus, the Court agrees with defendant that plaintiff has failed to raise an issue of material fact with respect to the existence of a design defect based on the porosity of the cast material or that such defect was the proximate cause of plaintiff's accident.

### 2. *Construction Defect*

In order to prove that the subject miter saw was not reasonably safe in its construction, plaintiff must prove that, when the product left the manufacturer's control, it either deviated in some material way from the design specifications or performance standards, or deviated in some material way from otherwise identical units of the same product line, and that defective construction proximately caused the plaintiff's injuries. RCW 7.72.030(2)(a). Plaintiff has failed to provide any evidence in support of a construction defect claim. Plaintiff's only expert witness, Mr. Morgan, fails to even address the issue of whether the alleged UL 987 violation or potential metallurgical issue existed at the time of the saw's manufacture, or if it arose later, if at all. Accordingly, the Court finds no issue of material fact has been raised with respect to any construction defect claim.

### III. CONCLUSION

Having reviewed defendant's motion, plaintiff's response, defendant's reply, the evidence and declarations in support of those briefs, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. #62) is GRANTED in its entirety, and this case is DISMISSED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 30th day of March, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7